***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Harris with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. On July 1, 2004, plaintiff was a close custody inmate at Pasquotank Correctional Institute.
2. That morning, plaintiff was transported to Central Prison for a medical appointment. Plaintiff was transported in a minivan with two other inmates. Officer Overton drove the van, and Officer Burkett rode in the right front passenger seat.
3. Plaintiff was restrained in waist and ankle chains, with his hands cuffed in front of him and encased in a "black box." There was approximately 15 inches of slack in the chain running between plaintiff's ankles and approximately 6 inches of slack in the chain attaching the "black box" to the waist chain.
4. When plaintiff stepped down from the minivan in the Central Prison receiving area at about 8:30 a.m., the ankle chain was too short to accommodate the stride plaintiff was attempting to make, and he fell, landing on his right side. Because he was cuffed in a "black box", he could not raise his hands to break his fall.
5. Prior to plaintiff's stepping out of the van, Officer Burkett had opened the sliding door on the passenger side of the van. The van did not have any fixed or portable steps in place, such that plaintiff was stepping out of the van directly to the ground.
6. As plaintiff stepped out, Officer Burkett did not offer him any assistance, but rather stood next to the front passenger door about an arms-length from plaintiff. Officer Overton was behind the van when plaintiff fell.
7. Plaintiff did not ask for assistance before exiting the van. It was Officer Burkett's practice to stand near and to provide assistance if an inmate asked for it, but not to provide assistance if he was not asked to do so. *Page 3 
8. The step down from the van was about 10 to 12 inches in height. This height is such that an inmate in an ankle chain can step down unfettered.
9. At Central Prison, there is a curb next to the area where inmates step down from transport vans. On the morning in question, Officer Burkett instructed the inmates, including plaintiff, to step down to the ground, then up to the curb, rather than directly from the van to the curb. Based on Officer Burkett's observation, it appeared that plaintiff tried to step directly from the van to the curb, causing him to fall.
10. Plaintiff sustained a scrape on his right elbow and was given first aid for the scrape at Central Prison. He also claimed to have aggravated pre-existing back and right shoulder conditions.
11. Plaintiff was already being treated for chronic pain in his neck, shoulders, back and knees prior to the July 1, 2004 incident. His medical records do not suggest any lasting injury resulting from the incident.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Officer Burkett had a duty to use reasonable care to see to it that inmates in full restraints, such as plaintiff, could safely exit the transport van.
2. The evidence of record shows that Officer Burkett did not breach his duty of reasonable care on July 1, 2004.
3. The evidence of record also shows that plaintiff was contributorily negligent, which was an actual and proximate cause of his fall. *Page 4 
4. Plaintiff has also not shown any substantial damages he sustained as a result of his fall on July 1, 2004.
5. As such, plaintiff is not entitled to compensation under the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must, under the law, be and hereby is DENIED and DISMISSED WITH PREJUDICE.
2. Each party shall bear its own costs. As plaintiff was allowed to proceed in forma pauperis, he is not responsible for any costs.
This the 21st day of April, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER *Page 5 
COMMISSIONER